Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 00 C 3403 | Date | November 20, 2000 |
| Case Title | Doreen Ford v Lumbermens Mutual Casualty | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due ___
(3) ☐ Answer brief to motion due ___ Reply to answer brief due ___
(4) ☐ Ruling/Hearing on ___ set for ___ at ___
(5) ☑ Status hearing ☐ held ☐ continued to ☐ set for ☑ re-set for 1/10/01 at 9:00
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for ___ at ___
(7) ☐ Trial ☐ Set for ☐ re-set for ___ at ___
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to ___ at ___
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☑ [Other docket entry]

**MEMORANDUM OPINION AND ORDER ENTERED. ACCORDINGLY, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS DENIED. DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S LOCAL RULE 56(B)(3) STATMENT IS DENIED AS MOOT. PRETRIAL ORDER IS DUE BY 12/31/00.**

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | | |
|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | | number of notices |
| ☐ | No notices required. | ED-7 FILED FOR DOCKETING | NOV 21 2000 | date docketed |
| ☑ | Notices mailed by judge's staff. | 00 NOV 20 PM 4:08 | | Document # 32 |
| ☐ | Notified counsel by telephone. | | | docketing dpty. initials |
| ☐ | Docketing to mail notices. | | | |
| ☐ | Mail AO 450 form. | | | date mailed notice |
| ☐ | Copy to judge/magistrate Judge. | | | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | | mailing dpty. initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

NOV 21 2000

DOREEN FORD, )
)
        Plaintiff, )
) No. 99 C 3403
v. )
) Judge Robert W. Gettleman
LUMBERMENS MUTUAL CASUALTY )
COMPANY, a/k/a Kemper Insurance Companies, )
an Illinois corporation, and JOYCE SWIATEK, )
an individual, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Doreen Ford has sued her former employer, Lumbermens Mutual Casualty Company, a/k/a Kemper Insurance Companies ("Kemper"), and Joyce Swiatek, her former supervisor, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), and the Family Medical Leave Act of 1993, 29 U.S.C. § 2615 et seq. ("FMLA"). Specifically, plaintiff alleges that Kemper failed to reasonably accommodate her disability (depression) and that Kemper and Swiatek retaliated against and then terminated her for attempting to assert her ADA and FMLA rights. Defendants claim that plaintiff was fired because she improperly accessed and copied confidential company files.

As has become the norm in employment discrimination cases, defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56. As required by this court's Local Rule 56.1(a)(3), defendants filed a statement of material facts to which they contend there is no genuine issue and that entitle them to judgment as a matter of law. Incredibly, defendants' 31

page statement lists 239 "undisputed" material facts. It is difficult for the court to imagine a case actually ripe for disposition by way of summary judgment requiring a proper 56.1(a)(3) statement containing so many "undisputed" material facts. It is possible, of course, for such a case to exist; but this fairly typical discrimination case, in which many core issues are hotly contested, is not it.

Defendants' counsel obviously fail to understand the purpose of the factual statements required by the local rule. Contrary to what has apparently become common belief, Local Rule 56.1 statements are not intended to be substitutes for a statement of facts section of a memorandum of law or a brief. Nor are they merely superfluous abstracts of all the evidence that might be presented at trial. Instead, the purpose is to assist the court in identifying the material facts that entitle the movant to judgment as a matter of law, and determining whether those material facts are in dispute. To that end, the rule requires the parties to point the court to the specific undisputed evidence in the record that supports the party's position on each of these questions. "They are, in short, road maps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir. 1994).

Defendants' 31 page, 239 paragraph statement fails utterly in this purpose. It is so replete with immaterial facts that any truly undisputed material facts are lost in the morass. Lest anyone think the court is being overly critical, footnote one, on page one of defendants' 56.1(a)(3) statement, states: "Moreover, certain material is incorporated herein as background. Disputes over these issues would not create a triable fact question warranting denial of Defendant's motion." Defendants' admitted inclusion of immaterial facts is a clear violation of the specific

2

dictates of the rule, and alone justifies striking defendants' Local Rule 56.1(a)(3) statement and denying the motion for summary judgment.

Even more disturbing than the intentional inclusion of immaterial facts, defendants have included obviously contested facts which, once recognized as contested, effectively eliminate any hope of summary judgment. Although there are numerous examples, two will suffice to demonstrate the point. Paragraph 6 of defendants' 56.1(a)(3) statement lists as undisputed that "Kemper's General Counsel John Conway terminated Ford's employment on March 16, 1988. The reason for the termination was improper accessing of and photocopying of confidential company files." Obviously, plaintiff contests the reason for her firing. Her complaint is grounded on her claim that she was fired for taking FMLA leave based on her disability. The cited reference to plaintiff's deposition as support for defendants' statement in no way indicates that plaintiff agrees with the reason or even admits that she photocopied the files in question.

Even more egregious is paragraph 71. In the immediately preceding paragraph (70), defendant lists as an uncontested fact that "before [plaintiff] ever considered taking FMLA leave, she claims [defendant] Swiatek told her, 'John and I don't want secretaries around here who take medical leaves.'" Defendant lists plaintiff's deposition at pages 192 through 197 as support for this statement. Incredibly, in the very next paragraph (71), defendant lists as an uncontested fact that "Swiatek never made any such statement," listing Swiatek's affidavit as support. Taken together, paragraphs 70 and 71 very clearly demonstrate that whether Swiatek made the statement is both material to the case and disputed, requiring denial of defendants' motion for summary judgment. Indeed, the two paragraphs illustrate clearly what defendants' experienced counsel should have seen from the start, "that this case comes down to a swearing contest that would

3

necessarily doom any Rule 56 motion." Grace v. Ansul, Inc., 61 F.Supp.2d 788, 794 (N.D. Ill. 1999).

The court's criticism is not restricted just to defendants. If defendants' inclusion of such obviously inappropriate material was intended simply to bait plaintiff, plaintiff swallowed that bait, along with the hook, the line, the sinker, and the entire pole. Plaintiff's 57 page Rule 56.1(b)(3) response is argumentative and, more often than not, non-responsive. Rather than simply admitting or denying each paragraph, plaintiff rewrites each assertion in her own terms, whether or not her assertions contradict defendants' assertion in any material way. In most instances, plaintiff's responses make factual assertions and legal arguments that in no way contradict defendants' statement of fact. Although the instances are far too numerous to list, plaintiff's response to paragraph 123 of defendants' Rule 56.1(a)(3) statement is illustrative:

> 123. On December 2, 1997, Dr. Greenberg noted that Ford reported to her that "this year [Joyce] didn't pick on her before her vacation as she did the previous six years that she picked on her friend Jackie instead."
>
> **Response:** Unfortunately, that was a short-lived statement from Ford to Dr. Greenberg. As stated previously, when Ford returned from her vacation in December 1997, one of Ford's attorneys had left the company. Immediately upon Ford's return from vacation, Swiatek assigns Ford one of secretary Sandy Thirtle's attorneys, Stacy Schwartz. Therefore, Ford remained with three attorneys, while Thirtle's work was reduced to two attorneys. Swiatek should have given Ford the option of having the lighter duty work load. [Citations omitted.]

So much of plaintiff's statement is comprised of such non-responsive argumentative balderdash that it reads more like an additional brief (and a poor one at that) than a response to a statement of "undisputed" facts. As a result, defendants have filed a motion to strike plaintiff's response which, absent defendants' own failures, the court would be inclined to grant.

4

Motions for summary judgment are common in federal practice and, as noted above, particularly common in employment discrimination cases. They can and do serve an essential function, by offering an efficient way to resolve cases without the expense and effort of a trial. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). As the Seventh Circuit has noted, it can be a "gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained." Mason v. Continental Illinois National Bank, 704 F.2d 361, 367 (7th Cir. 1983). All too often, however, as the instant case sadly demonstrates, the parties turn the motion into a massive paper trial that only adds delay and expense because material facts are plainly in dispute. Woodward v. Ameritech Mobile Communications, Inc., 2000 WL 680415 (S.D. Ind. March 20, 2000) (citing Waldridge, 24 F.3d at 920).[1]

In some rare circumstances (when the papers do not so obviously indicate disputed issues of material fact) this may be a permissible use of a summary judgment motion. Id. Like Judge Hamilton in Woodward, however, this court questions the logic of bringing such a motion in a case that likely can be tried in three days. In this regard, the court directs the parties to Judge Shadur's insightful cost-benefit analysis of filing motions for summary judgment in employment discrimination cases in Grace, 61 F.Supp.2d 788, as well as Magistrate Judge Denlow's primer on the propriety of summary judgment motions. Summary Judgment: Boom or Burden?, The Judges' Journal, Summer 1998, at 26.

---

[1] In the instant case, for example, plaintiff has submitted the entire transcript of every deposition taken, straining the court's patience as well as its back.

## Conclusion

Because the parties have failed to comply with Local Rule 56.1, and because the papers submitted indicate disputed issues of material fact, defendants' motion for summary judgment is denied. Defendants' motion to strike plaintiff's Local Rule 56.1(b)(3) statement is denied as moot. The final pretrial order is to be filed on or before December 31, 2000. The status report previously set for December 7, 2000, is continued to January 10, 2001, at 9:00 a.m.

**ENTER:** November 20, 2000

_____
**Robert W. Gettleman**
**United States District Judge**